# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LOPEZ MONTANEZ,<br><br>               Petitioner,<br><br>vs.<br><br><br>SCOTT KERNAN, Secretary,<br><br>               Respondent.[1] | Civil No. 15cv0173-BTM (BLM)<br><br>**ORDER:**<br><br>**(1) ADOPTING AS MODIFIED THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) DENYING PETITION FOR A WRIT OF HABEAS CORPUS; and**<br><br>**(3) GRANTING PETITIONER'S MOTION FOR A COA AND ISSUING A COA LIMITED TO CLAIM 1 OF THE PETITION** |

Eddie Lopez Montanez (hereinafter "Petitioner"), is a California prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, challenging his conviction for first degree murder, for which he was sentenced to 26 years-to-life in state prison. (ECF No. 1.) He alleges that his federal Constitutional rights were violated because the jury was not instructed

---

[1] The Clerk of Court is directed to amend the docket to reflect that Scott Kernan, the Secretary of the California Department of Corrections and Rehabilitation, has been substituted as Respondent in place of his predecessor and former Respondent Jeffrey Beard. See Fed. R. Civ. P. 25(d) (requiring automatic substitution as a party the successor of a public office).

that the prosecution bore the burden of proving he did not act under duress (Claim 1), the jury was erroneously instructed on the theory of aiding and abetting, and returned inconsistent verdicts (Claim 2), he received ineffective assistance of trial counsel (Claim 3) and appellate counsel (Claim 4), and by the cumulative effect of the errors (Claim 5). (Pet. at 6-10, 30-59.[2]) Respondent has filed an Answer contending that Claim 1 is not cognizable on federal habeas, Claim 2 is procedurally defaulted, the adjudication of Claims 3 and 4 by the state court is objectively reasonable, and Claim 5 is unexhausted but without merit. (ECF No. 7.) Petitioner has filed a Traverse arguing, *inter alia*, that he can demonstrate cause and prejudice for any default of Claim 2. (ECF No. 19.)

United States Magistrate Judge Barbara L. Major has filed a Report and Recommendation ("R&R") which recommends the Petition be denied. (ECF No. 24.) The Magistrate Judge found that: (1) Claim 1 is cognizable on federal habeas, the state court rejection of the claim is neither contrary to, nor involves an unreasonable application of, clearly established federal law, and the error is harmless; (2) Respondent failed to carry the burden of alleging Claim 2 is procedurally defaulted, but the claim fails under de novo review; (3) the state court rejection of Claims 3 and 4 is neither contrary to, nor involves an unreasonable application of, clearly established federal law; and (4) even if Claim 5 was not properly presented to the state court, it is without merit. (R&R at 10-40.) Petitioner has filed Objections to the R&R, and as well as a Motion for a Certificate of Appealability. (ECF Nos. 32-33.)

The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[2] When citing to documents filed with the Court's Electronic Case Filing ("ECF") system, the Court will refer to the pages assigned by that system.

The Court adopts the Magistrate Judge's findings and conclusions in all respects as to all claims with the exception of the procedural default aspect of Claim 2. That claim was presented to the state court on collateral review in the first instance, rather than on direct appeal, and the state court denied the claim with a citation to In re Dixon, 41 Cal.2d 756, 759 (1953), which provides that claims which could have been raised on direct appeal but are not, cannot be later raised on collateral review. (R&R at 22.) The R&R correctly noted that Respondent has the initial burden of pleading as an affirmative defense that Petitioner's failure to satisfy a state procedural rule forecloses federal review. Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). The R&R found that Respondent had not carried that burden, and the claim was therefore not procedurally defaulted, but that it fails under a de novo review. (R&R at 24-32.) The Court adopts as modified those findings and conclusions as follows.

The Court finds that Respondent has satisfied the Bennett burden by stating in the Answer: "Ground two, alleging that the trial court erred in its instruction on aiding and abetting and in its acceptance of inconsistent verdicts, is procedurally barred. The state court denied the claim because it could have been, but was not, raised on direct appeal." (Ans. at 2.) After the R&R was issued and the objections period closed, the United States Supreme Court held that California's Dixon rule is firmly established and regularly followed. Johnson v. Lee, 578 U.S. ___, 2016 WL 3041051 at *2-4 (May 31, 2016). Accordingly, Claim 2 is procedurally defaulted.

Petitioner has argued throughout these proceedings that, if necessary, he can show cause and prejudice to excuse the default. (Traverse at 7-11; Objections at 20.) Because the Court agrees with and adopts the findings and conclusions of the Magistrate Judge that Claim 2 fails under a de novo review (R&R at 25-32), judicial economy counsels in favor of declining to address whether Petitioner can demonstrate cause and prejudice to excuse the default. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the

merits if the result will be the same."), citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997) ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.") Accordingly, with that modification, the Court **ADOPTS** the findings and conclusions of the Magistrate Judge as to all claims in the Petition.

Finally, Petitioner has filed a Motion for a Certificate of Appealability. (ECF No. 33.) Mindful of the "relatively low" threshold for granting a Certificate of Appealability, Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002), that "the petitioner need not show that he should prevail on the merits," Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000), but may be entitled to a certificate when the "questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983) (citation omitted), superseded on other grounds by 28 U.S.C. § 2253(c)(2), the Court finds a Certificate of Appealability is appropriate for Claim 1 only.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **ADOPTS AS MODIFIED** the findings and conclusions of the Magistrate Judge [ECF No. 24], **DENIES** the Petition for a writ of habeas corpus [ECF No. 1], **GRANTS** Petitioner's Motion for a COA [ECF No. 33], and **ISSUES** a Certificate of Appealability limited to Claim 1 of the Petition.

**IT IS SO ORDERED.**

DATED: July 15, 2016

**BARRY TED MOSKOWITZ**
United States District Judge